Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Coi Le-Tuan Fenderson** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Stephanie Y M Fenderson** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA**

Case number:   **23-61857**
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
**3.1, 4.4, 6.1, 9.1**

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

## Part 1:  Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☐ Included | ☑ Not Included |
|---|---|---|---|
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ☑ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ Included | ☐ Not Included |
| § 1.4 | **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.** | ☐ Included | ☑ Not Included |

## Part 2:  Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**§ 2.1    Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

| | | |
|---|---|---|
| Debtor | **Coi Le-Tuan Fenderson** <br> **Stephanie Y M Fenderson** | Case number |

*Check one:* ☑ 36 months   ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$2,250.00** per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.)*:

**§ 2.2    Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

☑ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment):

**§ 2.3    Income tax refunds.**

*Check one.*

☑ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years ____, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

**§ 2.4    Additional Payments.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5    [Intentionally omitted.]**

**§ 2.6    Disbursement of funds by trustee to holders of allowed claims.**

The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)

| Part 3: | **Treatment of Secured Claims** |
|---|---|

| Debtor | **Coi Le-Tuan Fenderson** | Case number | |
| | **Stephanie Y M Fenderson** | | |

**§ 3.1    Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| **Balance Homes, Inc. d/b/a EasyKnock, Inc.** | **3741 Macedonia Road Powder Springs, GA 30127 Cobb County Equity Sharing Agreement with Balance Homes d/b/a EasyKnock Inc. Debtor's interest in property is 20.88%, Balance Homes interest is 79.12%** | $**4,351.39** | **0.00**% | $**100.00 step up to 300.00 in 6/2024** |

**§ 3.2    Request for valuation of security and modification of certain undersecured claims.**

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**§ 3.3    Secured claims to be paid in full.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below will be paid in full under the plan. Reasons for payment in full may include:

(1) were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(3) the value of the collateral exceeds the anticipated claim; or

(4) the claim listed shall be paid in full because the claim is cosigned; or

(5) the claim shall be paid in full because the debtor is not entitled to a discharge.
These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt

| Debtor | **Coi Le-Tuan Fenderson** | Case number | |
| | **Stephanie Y M Fenderson** | | |

under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| Capital One Auto Finance | 2013 Hyundai Sonata | Opened 03/21 Last Active 10/23 | $**6,288.62** | **7.00**% | $**100.00** | $100.00 step to $392.00 in 6/2024 |
| Century Lending 2, Inc. | 2014 Nissan Pathfinder | Opened 07/23 Last Active 11/23 | $**17,559.07** | **10.50**% | $**235.00** | $235.00 step to $750.00 in 6/2024 |
| US Express Auto | 2006 Chevrolet Corvette | Opened 04/23 Last Active 11/23 | $**16,826.84** | **7.00**% | $**165.00** | $165.00 step to $650.00 in 6/2024 |

**§ 3.4    Lien avoidance**.

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**§ 3.5    Surrender of collateral.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**§ 3.6    Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of **8.50** %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Part 4: | **Treatment of Fees and Priority Claims** |

**§ 4.1    General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2    Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3    Attorney's fees.**

| Debtor | **Coi Le-Tuan Fenderson** | Case number |
| --- | --- | --- |
|  | **Stephanie Y M Fenderson** |  |

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $__**5,200.00**__. The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a)

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $__**1,492.00**__ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $__**2,500.00**__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $__**2,500.00**__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4    Priority claims other than attorney's fees.**

☐    **None.**  *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐    The debtor(s) has/have domestic support obligations as set forth below. The debtor(s) is/are required to pay all post-petition domestic support obligations directly to the holder of the claim.

| Name and address of creditor | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
| --- | --- | --- | --- |
| -NONE- |  | $ | $ |

☑    The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
| --- | --- |
| **Georgia Department of Revenue** | $**1,113.05** |
| **Internal Revenue Service** | $**227.88** |

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |
| --- | --- |

**§ 5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

| Debtor | Coi Le-Tuan Fenderson<br>Stephanie Y M Fenderson | Case number | |
|---|---|---|---|

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) ____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3    Other separately classified nonpriority unsecured claims.**

*Check one*.

☑    **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | Executory Contracts and Unexpired Leases |
|---|---|

**§ 6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced*

| Part 7: | Vesting of Property of the Estate |
|---|---|

**§ 7.1    Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

| Part 8: | Nonstandard Plan Provisions |
|---|---|

**§ 8.1    Check "None" or List Nonstandard Plan Provisions.**

☐    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "included" in §1.3 (Insert additional lines if needed.)*

**Student Loans shall be deferred until the Chapter 13 ends and shall not be funded during the plan.  If Student Loans come out of deferment before the Chapter 13 ends, the Debtor will pay the student loan creditor direct**

| Part 9: | Signatures: |
|---|---|

| Debtor | **Coi Le-Tuan Fenderson** | Case number | |
| | **Stephanie Y M Fenderson** | | |

**§ 9.1    Signatures of Debtor(s) and Attorney for Debtor(s).**

The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.

X  **/s/ Coi Le-Tuan Fenderson**                              X  **/s/ Stephanie Y M Fenderson**
   **Coi Le-Tuan Fenderson**                                     **Stephanie Y M Fenderson**
   Signature of debtor 1 executed on   **May 14, 2024**          Signature of debtor 2 executed on   **May 14, 2024**

   **3741 Macedonia Rd**                                         **3741 Macedonia Rd**
   **Powder Springs, GA 30127**                                  **Powder Springs, GA 30127**
   Address          City, State, ZIP code                        Address          City, State, ZIP code

X  **/s/ Christopher Carouthers**                             Date:  **May 14, 2024**
   **Christopher Carouthers 111175**
   Signature of attorney for debtor(s)

   **Chris Carouthers & Associates**                             **2250 North Druid Hills Road**
                                                                 **Suite 131**
                                                                 **Atlanta, GA 30329**
   Firm                                                          Address          City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

U.S. Bankruptcy Court, N.D. Ga. Chapter 13 Plan Form (December 2020), Version 1.4                                    Page 7 of 7

## CERTIFICATE OF SERVICE

      I certify that I have this day served the following parties with a copy of the attached Modified Plan by depositing a copy of same in the United States mail with sufficient postage affixed thereon.

Dated: May 14, 2024

                                          Respectfully Submitted,

                                        _____/s/_____
                                        Chris Carouthers, Georgia Bar No.111175
                                        Attorney for Debtor
                                        Chris Carouthers & Associates
                                        2250 N. Druid Hills Road, Suite 131
                                        Atlanta, GA 30329
                                        (404)634-9509
                                        chris@chriscarouthers.com

 Served:

*All entities on the attached mailing matrix*

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113E-1<br>Case 23-61857-bem<br>Northern District of Georgia<br>Atlanta<br>Tue May 14 21:49:23 EDT 2024 | Affirm, Inc<br>Attn: Bankruptcy<br>650 California St, Fl 12<br>San Francisco, CA 94108-2716 | American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern  PA 19355-0701 |
| Amex<br>Correspondence/Bankruptcy<br>Po Box 981540<br>El Paso, TX 79998-1540 | Automobile Acceptance<br>Attn: Bankruptcy<br>1669 Phoenix Pkwy, Ste 110<br>Collge Park, GA 30349-5462 | Balance Homes Inc.<br>8605 Santa Monica Blvd<br>PMB 32262<br>West Hollywood, CA 90069-4109 |
| Balance Homes, Inc<br>8605 Santa Monica Blvd<br>PMB 32262<br>Los Angeles, CA 90069-4109 | Balance Homes, Inc.<br>c/o Lauren Berman<br>P.O. Box 818081<br>Cleveland, OH 44181-8081 | Bank of America<br>Attn: Bankruptcy<br>4909 Savarese Circle<br>Tampa, FL 33634-2413 |
| CFNA/Credit First Natl Assoc<br>Attn: Bankruptcy<br>Po Box 81315<br>Cleveland, OH 44181-0315 | CW Nexus Credit Card Holdings l, LLC<br>Resurgent Capital Services<br>PO Box 10368<br>Greenville, SC 29603-0368 | Caliber Home Loans<br>Attn: Bankruptcy<br>P.O. Box 24610<br>Oklahoma City, OK 73124-0610 |
| Capital City Home Loan<br>50 Chastain Center Blvd<br>Kennesaw, GA 30144-5545 | Capital One<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 | Capital One Auto Finance<br>Attn: Bankruptcy<br>7933 Preston Rd<br>Plano, TX 75024-2302 |
| Capital One Auto Finance, a division of Capi<br>AIS Portfolio Services, LLC<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | Capital One Auto Finance, a division of Capi<br>4515 N. Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | Capital One N.A.<br>by American InfoSource as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 |
| Capital One/Walmart<br>Attn: Bankruptcy<br>P.O. Box 30285<br>Salt Lake City, UT 84130-0285 | Card Works Servicing, Llc<br>Attn: Bankruptcy<br>101 Crossways Pk West<br>Woodbury, NY 11797-2020 | Christopher Carouthers<br>Chris Carouthers & Associates<br>Suite 131<br>2250 North Druid Hills Rd.<br>Atlanta, GA 30329-3118 |
| Century Lending 2 Inc.<br>831 Cobb Pkwy N<br>Marietta, GA 30062-2408 | (p)JPMORGAN CHASE BANK  N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 | Cobb County Tax Commissioner<br>736 Whitlock Ave<br>Marietta, GA 30064-4663 |
| (p)CONTINENTAL FINANCE COMPANY<br>PO BOX 3220<br>BUFFALO NY 14240-3220 | Courtesy Finance, Llc<br>Attn: Bankruptcy<br>Po Box 501299<br>Atlanta, GA 31150-1299 | Cr Rentboost<br>3101 N. Central Road<br>Phoenix, AZ 85012-2645 |
| Credit One Bank<br>Attn: Bankruptcy Department<br>6801 Cimarron Rd<br>Las Vegas, NV 89113-2273 | (p)DELTA COMMUNITY CREDIT UNION<br>PO BOX 20541<br>ATLANTA GA 30320-2541 | Coi Le-Tuan Fenderson<br>3741 Macedonia Rd<br>Powder Springs, GA 30127-3663 |

| | | |
|---|---|---|
| Stephanie Y M Fenderson<br>3741 Macedonia Rd<br>Powder Springs, GA 30127-3663 | Fingerhut<br>Attn: Bankruptcy<br>6250 Ridgewood Road<br>Saint Cloud, MN 56303-0820 | Genesis FS Card Services<br>Attn: Bankruptcy<br>Po Box 4477<br>Beaverton, OR 97076-4401 |
| (p)GEORGIA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION<br>ARCS BANKRUPTCY<br>1800 CENTURY BLVD NE SUITE 9100<br>ATLANTA GA 30345-3202 | Sonya Buckley Gordon<br>K. Edward Safir, Standing Chapter 13 Tru<br>Suite 1600<br>285 Peachtree Center Ave, NE<br>Atlanta, GA 30303-1229 | Great Lakes<br>Attn: Bankruptcy<br>Po Box 7860<br>Madison, WI 53707-7860 |
| Internal Revenue Service<br>Bankruptcy Unit<br>401 W. Peachtree St. Stop 334D<br>Atlanta, GA 30308-3518 | JPMorgan Chase Bank, N.A.<br>c/o Robertson, Anschutz, Schneid<br>Crane & Partners, PLLC<br>6409 Congress Avenue, Suite 100<br>Boca Raton, FL 33487-2853 | JPMorgan Chase Bank, N.A.<br>s/b/m/t Chase Bank USA, N.A.<br>c/o National Bankruptcy Services, LLC<br>P.O. Box 9013<br>Addison, Texas 75001-9013 |
| (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | Paul R. Knighten<br>Knighten Law Firm<br>Suite D-295<br>2221 Peachtree Road NE<br>Atlanta, GA 30309-1148 | Kohls/Capital One<br>Attn: Credit Administrator<br>Po Box 3043<br>Milwaukee, WI 53201-3043 |
| LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | (p)LENDMARK FINANCIAL SERVICES<br>2118 USHER ST<br>COVINGTON GA 30014-2434 | MRC Receivables<br>M Douglas Mann<br>2727 Paces Ferry Road<br>Atlanta, GA 30339-4053 |
| National Auto Sales,<br>Attn: Bankruptcy<br>831 Cobb Parkway N<br>Marietta, GA 30062-2408 | Natl Insts Of Health F<br>111 Rockville Pk<br>Rockville, MD 20850-5109 | Navient<br>Attn: Bankruptcy<br>Po Box 9500<br>Wilkes Barre, PA 18773-9500 |
| Navy FCU<br>Attn: Bankruptcy<br>Po Box 3000<br>Merrifield, VA 22119-3000 | Navy Federal Credit Union<br>P.O. Box 3000<br>Merrifield, VA 22119-3000 | Nelnet<br>Attn: Bankruptcy/Claims<br>Po Box 82561<br>Lincoln, NE 68501-2561 |
| NetCredit<br>175 W Jackson Blvd<br>Suite 1000<br>Chicago, IL 60604-2863 | NetCredit<br>Attn: Bankruptcy<br>175 W. Jackson Blvd, Ste 1000<br>Chicago, IL 60604-2863 | Peoples<br>4970 Atlanta Hwy<br>Alpharetta, GA 30004-2921 |
| RentReporters<br>Attn: Bankruptcy<br>P.O. Box 2637<br>Pasadena, CA 91102-2637 | Republic<br>3895 Cherokee St Nw Ste<br>Kennesaw, GA 30144-6730 | Republic Finance<br>793 Whitlock Ave Nw<br>Marietta, GA 30064 |
| Richard C. Ramirez<br>Glenn Agre Bergman & Fuentes LLP<br>1185 Avenue of the Americas<br>22nd Floor<br>New York, NY 10036-2603 | K. Edward Safir<br>Standing Chapter 13 Trustee<br>Suite 1600<br>285 Peachtree Center Ave. NE<br>Atlanta, GA 30303-1229 | Self INC/Lead Bank Communtiy Bank<br>Attn: Bankruptcy<br>1801 Main St<br>Kansas City, MO 64108-2352 |

| | | |
|---|---|---|
| Sunrise Banks<br>Attn: Bankruptcy<br>200 University Avenue West<br>Saint Paul, MN 55103-2075 | Synch/Rooms To Go<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 | Synchrony Bank<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 |
| Total VISA<br>Attn: Bankruptcy<br>P.O. Box 84930<br>Sioux Falls, SD 57118-4930 | (p)TRANSFORM CREDIT INC<br>1440 W TAYLOR ST<br># 431<br>CHICAGO IL 60607-4623 | US DEPARTMENT OF EDUCATION C/O NELNET<br>121 S. 13TH STREET<br>LINCOLN NE 68508-1904 |
| US Express Auto<br>Paul R Knighten<br>2221 Peachtree Road NE<br>Suite D-295<br>Atlanta, GA 30309-1148 | US Express Auto<br>4745 S Berkeley Lake Road<br>Peachtree Corners, GA 30071-1673 | US Express Auto<br>4745 S Berkely Lake Road<br>Norcross, GA 30071-1673 |
| United States Attorney<br>Northern District of Georgia<br>75 Ted Turner Drive SW, Suite 600<br>Atlanta GA 30303-3309 | Upstart<br>Attn: Bankruptcy<br>Po Box 1503<br>San Carlos, CA 94070-7503 | Verizon<br>by American InfoSource as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 |
| World Finance Corp<br>Attn: Bankruptcy<br>Po Box 6429<br>Greenville, SC 29606-6429 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Chase Card Services<br>Attn: Bankruptcy<br>P.O. 15298<br>Wilmington, DE 19850 | Continental Finance Co<br>Attn: Bankruptcy<br>4550 Linden Hill Rd, Ste 4<br>Wilmington, DE 19808 | Delta Community Credit Union<br>P.O. Box 20541<br>Atlanta, GA 30320-2541 |
| (d)Delta Community Credit Union<br>PO Box 20541<br>Atlanta, GA  30320-2541 | Georgia Department of Revenue<br>Bankruptcy Section<br>P.O. Box 161108<br>Atlanta, GA 30321 | Jefferson Capital Systems LLC<br>Po Box 7999<br>Saint Cloud MN 56302-9617 |
| Lendmark Financial Services<br>Attn: Bankruptcy<br>1735 North Brown Rd, Ste 300<br>Lawrenceville, OH 30043 | Transform Credit Inc<br>Attn: Bankruptcy<br>332 S Michigan Ave, 9th Floor<br>Chicago, IL 60604 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Capital One N.A.<br>by American InfoSource as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 | (d)Navy FCU<br>Attn: Bankruptcy<br>Po Box 3000<br>Merrifield, VA 22119-3000 | End of Label Matrix<br>Mailable recipients   72<br>Bypassed recipients    2<br>Total                 74 |